EDWARDS, Judge.
This is an appeal by Evelyn Hills Smith from a judgment of the trial court which ordered a statutory will executed by Emma Jane Winfield on November 26, 1977, admitted to probate.
The sole question presented for review is whether the trial court erred in determining that the testatrix possessed the requisite mental capacity to execute the will.
Emma Jane Winfield died on April 16, 1978, at the age of 107. Subsequently, appellant filed a petition to probate a will executed by Ms. Winfield on June 6, 1972, whereby Ms. Winfield bequeathed all of the property she owned at the time of her death to the appellant, her niece. In opposing the petition for probate of this will, Thelma Leathers Marcellus, appellee, filed the will in question executed by Ms. Winfield and dated November 26, 1977. The latter will revoked all prior wills and bequeathed all of her property “half and half” to her nieces, appellant and appellee, who are sisters. Appellant opposed this will, contending that Ms. Winfield was not capable, physically or mentally, of executing the will.
The record indicates that Ms. Winfield was hospitalized on November 24, 1977, after having passed out at appellant’s home. Her condition was the result of arteriosclerosis with an associated history of transient ischemic attacks, which are spasms of the brain due to the narrowing of the arteries. On November 26, 1977, the date the will was executed, Ms. Winfield was discharged from the hospital to return to appellant’s home. It was in the hospital room that Ms. Winfield executed the will in question before a notary and two witnesses.
At trial, Mr. Schwartzberg and Ms. Coxe, the notary and one of the witnesses respectively, testified that Ms. Winfield was alert and fully cognizant when she signed the will. In fact, both testified that she insisted on a change in the provisions of the will so that her estate would not go solely to appellee as the will was originally drafted, but rather would be divided between appellant and appellee “half and half.”
Testimony was presented by both appellant and appellee regarding Ms. Winfield’s mental and physical conditions prior to, during and after her hospitalization in November 1977. Without recounting this testimony, it is sufficient to note that there is hopeless conflict between the evidence presented by appellant and appellee. Appellant’s witnesses testified that Ms. Win-field was senile, unaware of the daily happenings about her and incapable of understanding the significance of a will. Appel-lee’s witnesses testified that she was alert, responsive and cognizant of her actions.
The trial court concluded, based on all the testimony, medical and lay, that the testatrix was competent and possessed the necessary mental capacity to execute the will on November 26, 1977.
Appellant’s specification of error challenges the trial judge’s evaluation of the conflicting evidence and his acceptance of the evidence presented by appellee.
The trial judge did not favor us with reasons for judgment. Consequently, it is not possible for us to determine the exact weight, if any, given to the testimony *999 of the various witnesses. A trial court’s evaluation of the credibility of the witnesses, and its reasonable inferences and conclusions of fact are entitled to great weight on appeal. A reviewing court will not disturb a trial court’s findings of fact absent a showing that they are clearly wrong, i. e., manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We believe that the trial court’s conclusion that the testatrix was competent to, and did in fact, execute the will of November 26, 1977, is amply supported by the evidence in the record and such is not clearly wrong.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.